*610 OPINION.
Matthews:
Section 206 (a) (1) of the Revenue Act of 1921 reads as follows: “ The term ‘ capital gain ’ means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921.”
It appears that the deficiency which has been determined by the respondent in this case resulted from the refusal of the respondent to treat as a capital net gain the sum of $96,028.99 which was included in the income reported by the petitioner for 1923. It has been stipulated that the item of $1,458.03 should be excluded from petitioner’s jncome for 1923 because it was received and reported in 1922, and *611 that the item of $77.77 should be taxed as a capital gain for 1923. It is further agreed by the parties that the balance of $94,493.19 arose out of contracts for the sale of land entered into prior to December 31, 1921, which amount represents profits on installment payments made during 1923. The parties disagree only as to the method of taxing these profits in the total sum of $94,493.19. It is the petitioner’s position that although the contracts of sale were executed prior to December 31,1921, the sales were not consummated until after that date so that the profits are taxable as capital gains at the 1214 per cent rate. The respondent denies that section 206, quoted above, is applicable and is contending that the gains must be taxed in the usual way with other income. The facts are not in dispute and it remains only to determine whether the sales out of which the income arose were consummated after December 31, 1921, within the meaning of the statute.
In Theodore J. Swift, 20 B. T. A. 1099, we considered a situation very similar to that presented herein. There was involved a sale of real property situated in California, the deeds to the property having been deposited in escrow in accordance with an agreement to sell dated March 4, 1921, delivery of the deeds to await a final payment on the purchase price to be made in 1924. The payments provided for in the agreement to sell were finally completed and the deeds were delivered to the purchaser in 1924. We held that title to the property did not pass from the vendor until 1924, when the deeds were delivered, and that with respect to the profit resulting from the transaction the vendor was entitled to have his tax liability computed under the capital gain provisions of the Revenue Act of 1924. This decision was affirmed by the Circuit Court of Appeals for the Ninth Circuit on January 5, 1932, 54 Fed. (2d) 746. See also Charles W. Dahlinger, 20 B. T. A. 176, which involved the question whether profits on the sale of certain stock should be taxed as a capital gain at the rate of 12% per cent. In that case title to the stock passed to the purchaser in 1920, but the full purchase price was not paid until after December 31, 1921. We held that the sale was consummated when the title passed to the purchaser and that the seller’s profits were not taxable under the capital gain provisions of the Revenue Act of 1921. This decision was affirmed by the Circuit Court of Appeals for the Third Circuit, 51 Fed. (2d) 664, certiorari denied by the United States Supreme Court, 52 Sup. Ct. 128.
In the instant case it is stipulated that none of the deeds covering the property described in the contracts of sale involved herein was delivered prior to December 31, 1921. Under the authority of the above decisions we hold that the sales in question were not consummated until after December 31, 1921, and the taxpayer-is entitled to the benefit of the capital gain provisions of the statute.
*612 There should'be excluded from net income for 1923 the item of $1,458.03, which was received and reported in 1922 and which was erroneously reported by the petitioner for 1923, and the amount of $94,570.96 which was stipulated to represent income on installment payments made in 1923 should be taxed as a capital net gain in accordance with the provisions of section 206 of the Revenue Act of 1921.
Reviewed by the,Board.

Judgment will be entered under Rule 60.

Morris, Lansdon, Marquette, Sternhagen, and Trammell dissent.